**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MICHELLE GROSS, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil No.: BPG-17-3479 |
| P.O. FRANCISCO HOPKINS, *et al.*, | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4.  (ECF No. 30).  Currently pending are the Motion to Dismiss Plaintiff's Fourth Amended Complaint ("Motion") filed by defendants Detective Benjamin Critzer, Sergeant Frank Friend, Officer Gary Schaekel, and Officer Havvhannes Simonyan (the "Police Officer Defendants")[1]  (ECF No. 83), plaintiffs' Response to Motion to Dismiss ("Opposition") (ECF No. 84), and the Police Officer Defendants' Reply Brief in Support of Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint ("Reply") (ECF No. 85).  The issues are fully briefed, and no hearing is necessary.  Loc. R. 105.6.  For the reasons stated below, the Police Officer Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint (ECF No. 83) is GRANTED.[2]

---

[1] No motion has been filed by the originally named defendant, Officer Francisco Hopkins.
[2] Given that pro se defendants Officer Kebin McLean, Officer (Unknown) Johnson, and "CI1," who have not filed a Motion to Dismiss, are similarly situated to the Police Officer Defendants, the court is sua sponte dismissing plaintiffs' claims against them based upon the analysis set forth in this opinion.  Plaintiffs may seek relief from this ruling by filing a Motion to Reconsider within 14 days if they believe there are different factual or legal arguments regarding these defendants which indicate that their dismissal is erroneous.

**I.     BACKGROUND**

In ruling on a motion to dismiss, this court considers the facts and draws all reasonable inferences in the light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). The following facts are alleged by plaintiffs in their Fourth Amended Complaint. (ECF No. 82). On October 23, 2015, plaintiffs Michelle Gross, Ivan Cowans, and Daquan Wellington were at plaintiff Gross' residence when there was banging on the door and plaintiff Gross answered, observing that approximately twenty police officers were in her yard. (Id. ¶ 20-23). The police officers entered plaintiff Gross' residence and searched it, as well as the plaintiffs themselves. (Id. ¶ 25, 35, 40). After entering plaintiff Gross' residence, police officers pointed their guns at the heads of plaintiffs Cowans and Wellington when ordering them into a room, although none of the plaintiffs were armed, threatened or posed a threat to the officers, or attempted to flee. (Id. ¶ 26, 50, 51, 52, 53). Plaintiff Gross' children, plaintiffs Deointe and Devonte Daniel, arrived home during this incident and were also searched. (Id. ¶ 31, 32). The police officers also searched plaintiff Gross' car even though she did not give them permission to do so. (Id. ¶ 36-39).[3]

Plaintiff Gross filed her initial complaint in this court on November 22, 2017, naming defendants Officer Francisco Hopkins, Officer Chantel Russell,[4] John Doe Officers 1-25, and John Doe Supervisors 1-25. (ECF No. 1). On November 29, 2017, plaintiff Gross filed her First Amended Complaint to correct the case caption. (ECF No. 6). On March 15, 2019, plaintiff Gross filed a Motion for Leave to File a Second Amended Complaint which was granted on April 16, 2019. (ECF Nos. 35, 39). The Second Amended Complaint added plaintiffs Cowans, Wellington,

---

[3] The events of October 23, 2015 are referred to throughout this opinion as "the searches."
[4] Officer Russell was voluntarily dismissed from this suit on August 13, 2019. (ECF No. 53).

Deointe Daniel, and Devonte Daniel.  (ECF No. 40).  On September 9, 2019, plaintiffs filed a Motion for Leave to File a Third Amended Complaint which was granted on September 24, 2019.  (ECF Nos. 54, 55).  The Third Amended Complaint named the Police Officer Defendants Critzer, Friend, Schaekel, and Simonyan, as well as defendants Officer Kebin McLean and Officer (Unknown) Johnson.  (ECF No. 56).  Up to and including the Third Amended Complaint, plaintiffs' claims were based upon the premise that the police officers did not have a valid search warrant and produced only an unsigned search warrant at plaintiff Gross' residence on October 23, 2015.  (ECF No. 1 ¶ 19; ECF No. 40 ¶ 25; ECF No. 56 ¶ 30).

On January 17, 2020, plaintiffs filed a Motion for Leave to File a Fourth Amended Complaint.  (ECF No. 74).  The Fourth Amended Complaint added defendant confidential informant "CI1."  (ECF No. 82).  Additionally, given that plaintiffs received a copy of the signed search warrant in question during discovery, plaintiffs' allegations changed from asserting claims regarding the lack of a signed warrant to asserting claims regarding the insufficiency of the signed warrant and related affidavit.  (Id. ¶ 56, 59, 60).  The Police Officer Defendants filed a Response in Opposition to plaintiff's Motion for Leave to File a Fourth Amended Complaint, arguing that plaintiffs' claims would be barred by the statute of limitations and did not satisfy the relation back requirements of Federal Rule of Civil Procedure 15(c) and, therefore, the court should dismiss plaintiffs' Third Amended Complaint.  (ECF No. 78 at 8).  The court noted that plaintiffs' Third Amended Complaint was unopposed by defendants and defendants had not filed a Motion to Dismiss plaintiffs' Third Amended Complaint, but only asked for its dismissal in the context of responding to plaintiffs' Motion for Leave to File a Fourth Amended Complaint.  (ECF No. 81 at 3).  Due to this procedural posture, the court granted plaintiffs' Motion for Leave to File a Fourth Amended Complaint on April 13, 2020, as the Police Officer Defendants' request to dismiss

plaintiffs' Third Amended Complaint was not fully briefed and the factual and legal record were not fully developed.  (Id.)

Plaintiffs' Fourth Amended Complaint asserts the following claims, all brought under 42 U.S.C. § 1983: Count I - unlawful entry against defendants Schaekel and CI1; Count II - excessive force against all defendants except defendants Schaekel and CI1; Count III - unlawful detainment/arrest against defendants Schaekel and CI1; Count IV - unlawful search of persons against defendants Schaekel and CI1; Count V - unlawful search of home against defendants Schaekel and CI1; Count VI - unlawful search of car against defendants Hopkins, Schaekel, Friend, Critzer, Simonyan, McLean, Johnson, and CI1; and Count VII - unlawful seizure of property against defendants Schaekel and CI1.  As noted above, the Police Officer Defendants have now moved to dismiss the Fourth Amended Complaint.

## II. **STANDARD OF REVIEW**

The purpose of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is "to test the legal sufficiency of a complaint."  Edwards, 178 F.3d at 243.  When ruling on such a motion, the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable factual inferences from those facts in the plaintiff's favor."  Id. at 244.  Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)."  Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Rather, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff satisfies this standard not by forecasting

4

evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements. Walters, 684 F.3d at 439. Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570).

Pursuant to Federal Rule of Civil Procedure Rule 12(d), a motion to dismiss for failure to state a claim upon which relief can be granted is converted into a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). "Matters—such as exhibits—are outside the pleadings if a complaint's factual allegations are not expressly linked to and dependent upon such matters." Williams v. Branker, 462 F. App'x 348, 352 (4th Cir. 2012). Courts may "consider documents that are explicitly incorporated into the complaint by reference," Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)), or submitted by the movant, "so long as the document was integral to the complaint and there is no dispute about the document's authenticity." Id. "A document is 'integral' when its '[v]ery existence, and not the mere information it contains, gives rise to the legal rights asserted.'" Rowlette v. Lifebridge Health, Civil No. RDB-18-2706, 2019 WL 5696841, at *2 (D. Md. Nov. 4, 2019) (quoting Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F. Supp. 2d 602, 611 (D. Md. 2011)). "Considering such documents does not convert a motion to dismiss to one for summary judgment." Id. (citing Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015)). Additionally, "[a] federal district court may take judicial notice of documents from state court proceedings and other matters of public record in conjunction with a Rule 12(b)(6) motion without converting it to a motion for summary judgment." Green v. Wells Fargo Bank,

N.A., 927 F. Supp. 2d 244, 246 n.2 (D. Md. 2013), aff'd, 582 F. App'x 246 (4th Cir. 2014) (citing Phillips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009)).

Here, defendants' Motion is supported by two exhibits: (1) the Baltimore City Search and Seizure Warrant ("search warrant") for plaintiff Gross' residence signed and dated October 13, 2015 (ECF No. 83-1); and (2) Maryland Judiciary case search information regarding plaintiff Deointe Daniel (ECF No. 83-2). As noted above, this action arises out of the searches at plaintiff Gross' residence on October 23, 2015 in which the Baltimore City Police Department searched the residence and the plaintiffs pursuant to the produced search warrant, as well as plaintiff Gross' car for which no search warrant has been produced. (ECF No. 82). In their Fourth Amended Complaint, plaintiffs argue that the search warrant was not supported by probable cause, the related affidavit contained false information, and the police officers who conducted the search violated plaintiffs' constitutional rights. (Id.) Neither party challenges the authenticity of the search warrant. Goines, 822 F.3d at 166. As a result, the court concludes that the search warrant is integral to the complaint. Id. The Maryland Judiciary case search information regarding plaintiff Deointe Daniel details proceedings in the District Court of Maryland for Baltimore County and serves to confirm the birthdate of plaintiff Deointe Daniel as well as his twin brother, plaintiff Devonte Daniel. (ECF No. 83 at 8-9). Neither party challenges the authenticity of this information. Therefore, the court takes judicial notice of the Maryland Judiciary case search information. Green, 927 F. Supp. 2d at 246. Accordingly, the search warrant and the Maryland Judiciary case search information exhibits will be considered, and the Motion will be construed as a motion to dismiss, not a motion for summary judgment pursuant to Rule 12(d) and Federal Rule of Civil Procedure 56.

### III. DISCUSSION

The Police Officer Defendants argue that plaintiffs' complaint should be dismissed because 1) the Third Amended Complaint, the first version of plaintiffs' complaint that identified the Police Officer Defendants, was not filed timely within the applicable statute of limitations; and 2) plaintiffs' claims against the Police Officer Defendants do not relate back to a timely filed complaint. (ECF No. 83 at 1). The Police Officer Defendants also argue, in the alternative, that plaintiffs' official capacity claims and Counts I, II, III, IV, V, and VII should be dismissed for failure to state a claim. (Id.)

#### A. Statute of Limitations

The parties agree that a three-year statute of limitations applies in this case. (ECF No. 83 at 8; ECF No. 84 at 9-10). There is no statute of limitations in 42 U.S.C. § 1983, under which plaintiffs' claims are brought, so the "courts borrow the statute of limitations from Maryland personal-injury suits, which have a three-year limitations period." Hodge v. Coll. of S. Md., 121 F. Supp. 3d 486, 496 (D. Md. 2015)). The parties disagree about when plaintiffs' claims accrued and, therefore, when the statute of limitations expired. Plaintiffs argue their claims did not accrue until plaintiffs had notice of the Police Officer Defendants' identities on July 12, 2019, when defendant police officer Hopkins responded to plaintiffs' discovery requests and identified the Police Officer Defendants. Therefore, plaintiffs maintain, the Third Amended Complaint identifying these defendants, filed September 24, 2019, was timely. (ECF No. 84 at 9-13). Defendants argue that the statute of limitations started running when the searches occurred on October 23, 2015 for all plaintiffs except for plaintiffs Deointe and Devonte Daniel, who were minors at the time of the searches, and that the statute of limitations started running for them on July 11, 2016 when they turned eighteen. (ECF No. 83 at 3-14). Defendants argue that the statute

7

of limitations expired on October 23, 2018 for plaintiffs Gross, Cowans, and Wellington, and on July 11, 2019 for plaintiffs Deointe and Devonte Daniel, and, therefore, the Third Amended Complaint filed on September 24, 2019, was not timely.  (Id.)

"[A] claim accrues . . . when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of [their] injury."  Gould v. United States Dept. of Health & Human Services, 905 F.2d 738, 742 (4th Cir. 1990) (en banc); see also United States v. Kubrick, 444 U.S. 111, 123-24 (1979).  For claims brought pursuant to 42 U.S.C. § 1983, federal law determines when a claim accrues for statute of limitations purposes.  Wallace v. Kato, 549 U.S. 384, 388 (2007); Owens v. Baltimore City State's Att'ys Off., 767 F.3d 379, 388-89 (4th Cir. 2014).  Maryland law regarding accrual is "largely consistent with federal law."  Johnson v. Baltimore Police Dept., No. ELH-19-698, 2020 WL 1169739, at *13 (D. Md. Mar. 10, 2020).  A plaintiff's knowledge of the existence and the cause of their injury may be satisfied by inquiry notice and does not require actual knowledge.  Id. at *14 (citing Dual Inc. v. Lockheed Martin Corp., 383 Md. 151, 167-68, 857 A.2d, 1095 1104 (2004)).  Inquiry notice means that the plaintiff has enough facts and information that they can, through due diligence, investigate and determine whether they have a valid claim.  Conaway v. State, 90 Md. App. 234, 253, 600 A.2d 1133, 1142 (1992) (citing Dual Inc., 383 Md. at 168, 857 A.2d at 1104; Pennwalt Corp. v. Nasios, 314 Md. 433, 448-49, 550 A.2d 1155, 1159 (1988)).  A plaintiff has inquiry notice when they have actual notice, either express or implied; constructive notice does not suffice.  Id. (citing Poffenberger v. Risser, 290 Md. 631, 637, 431 A.2d 677, 681 (1981)).  Maryland law specifically states that "knowledge of the identity of a particular defendant is not a necessary element to trigger the running of the statute of limitations."  Conaway, 90 Md. App. at 253, 600 A.2d at 1142.

In this case, plaintiffs were all present for the searches that occurred on October 23, 2015, and therefore had actual knowledge of when and where the searches occurred. (ECF No. 1 ¶ 14, 22). Plaintiffs had actual knowledge at the time of the searches that approximately 20-25 John Doe police officer defendants were involved. (Id. ¶ 16). While plaintiffs did not know the identities of the Police Officer Defendants at the time of the searches, they knew "both the existence and the cause of [their] injury." Gould, 905 F.2d at 742; see also Johnson, 2020 WL 1169739, at *14 ("[A] plaintiff's cause of action accrues when the plaintiff knows or reasonably should have known of the wrong." (quoting Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., 731 F. Supp. 2d 443, 449 (D. Md. 2010))). Plaintiffs had actual knowledge of their alleged injury, violations of their civil rights, and of the alleged perpetrators of this injury, namely, Baltimore City Police Department officers. Therefore, plaintiffs, with the exception of minor plaintiffs Deointe and Devonte Daniel, had inquiry notice as of October 23, 2015, the date of the searches.

Plaintiffs offer two arguments regarding why they were not on inquiry notice as of October 23, 2015: 1) they exercised due diligence to discover the identities of the Police Officer Defendants and were stymied by defendant Hopkins' evasion of service and slow response to plaintiffs' discovery requests; and 2) plaintiffs did not have inquiry notice of their claim until the identities of the Police Officer Defendants were revealed. (ECF No. 84 at 12-13). As to plaintiffs' first argument that they exercised due diligence to uncover the identities of the Police Officer Defendants but were delayed in doing so because of defendant Hopkins, plaintiffs offer no explanation as to why they delayed filing their original complaint or why they did not take any action other than serving discovery requests during the three-year period following the searches so as to discover the identities of the Police Officer Defendants. Regardless of the progress of

discovery in this case, it is clear that plaintiffs did not take affirmative steps, such as requesting an incident report from the Baltimore City Police Department, in an attempt to timely identify the Police Officer Defendants.  The court cannot conclude that plaintiffs' inaction constitutes due diligence.

Plaintiffs' second argument is that they did not have inquiry notice of their claim until the identities of the Police Officer Defendants were revealed.  (ECF No. 84 at 13).  The law is clear, however, that knowledge of a particular defendant's identity is not necessary to trigger the running of the statute of limitations.  See Conaway, 90 Md. App. at 253, 600 A.2d at 1142.  Here, the adult plaintiffs were well aware of the "existence and cause of [their] injury" as of the date of the searches on October 23, 2015 and, through the exercise of due diligence, could have identified the appropriate defendants to name in their lawsuit.  Gould, 905 F.2d at 742.  Accordingly, the statute of limitations expired three years later on October 23, 2018 and the Third Amended Complaint which identified the Police Officer Defendants for the first time, filed on September 24, 2019, is not timely.

Regarding minor plaintiffs Deointe and Devonte Daniel, who were seventeen years old at the time of the searches, the statute of limitations did not begin to run until they turned eighteen and were no longer considered "[p]ersons with disabilities."  Md. Code Ann., Cts. & Jud. Proc. § 5-201(a) (West 2020).  Defendants have presented uncontroverted evidence that plaintiffs Deointe and Devonte Daniel were born on July 12, 1998 and, therefore, turned eighteen on July 12, 2016.  (ECF No. 83 at 8-9).  Accordingly, the three-year statute of limitations applicable to these two plaintiffs expired on July 12, 2019.  The Third Amended Complaint which named the Police Officer Defendants for the first time, filed on September 24, 2019, was untimely as it was not filed within the three-year statute of limitations period.

In sum, the plaintiffs were all present at the searches conducted on October 23, 2015 and, therefore, were aware of the "existence and cause" of their injury. Gould, 905 F.2d at 742. Although plaintiffs did not know the identities of the Police Officer Defendants on October 23, 2015, plaintiffs had enough relevant information that, through due diligence, they could have discovered the identities of these defendants within the three-year statute of limitations. Plaintiffs failed to exercise due diligence to identify the proper defendants and the claims asserted against the Police Officer Defendants are untimely.

### B. Relation Back of Amendments

Plaintiffs may only pursue their untimely claims asserted in the Third Amended Complaint against the Police Officer Defendants if those claims are deemed to relate back to plaintiffs' timely filed pleadings in accordance with Federal Rule of Civil Procedure 15(c)(1). Rule 15(c)(1) provides:

> **(c) Relation Back of Amendments.**
>
>> **(1)** *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
>>
>>> **(A)** the law that provides the applicable statute of limitations allows relation back;
>>>
>>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>>>
>>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>>
>>>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

      **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

### 1. <u>Rule 15(c)(1)(A)</u>

First, defendants argue that plaintiffs' Third and Fourth Amended Complaints do not relate back under Rule 15(c)(1)(A) which allows an amendment to relate back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Here, as defendant notes, Maryland law does not permit the substitution of "John Doe" pleadings with the defendant's real name once discovered. <u>Nam v. Montgomery Cty.</u>, 732 A.2d 356, 363, 127 Md. App. 172, 185 (1999). Maryland does permit, however, relation back if "an amendment merely corrects the name of an original party, as opposed to adding a new party." <u>Id.</u> at 186. Two factors are considered in making this determination: "1) who, on the facts of the case, was the appropriate defendant, and 2) whether that party had notice of [their] intended status as defendant within the limitations period." <u>Smith v. Gehring</u>, 496 A.2d 317, 320, 64 Md. App. 359, 365 (1985). As to the first factor, the court cannot determine whether the Police Officer Defendants are the appropriate defendants, although it appears they were identified during discovery as being present during the searches. Regarding the second factor, however, it is clear that the Police Officer Defendants did not have notice of their intended status as defendants during the relevant statute of limitations. As discussed earlier, the statute of limitations expired on October 23, 2018 and July 12, 2019 for the various plaintiffs, but the Third Amended Complaint which first named the Police Officer Defendants was filed on September 24, 2019. Therefore, regardless of whether the Police Officer Defendants are appropriate defendants in this case, plaintiffs failed to identify and serve the Police Officer Defendants during the statute

12

of limitations and, accordingly, the Police Officer Defendants were not afforded timely notice of their intended status as defendants. Therefore, Rule 15(c)(1)(A) does not apply in this case.

### 2. Rule 15(c)(1)(C)

Second, defendants argue that plaintiff's Third and Fourth Amended Complaints do not relate back under Rule 15(c)(1)(C).[5] The first requirement under Rule 15(c)(1)(C)(i) is that the Police Officer Defendants had notice of the action within the timeframe established by Rule 4(m), which is 90 days, Fed. R. Civ. P. 4(m), "such that [the parties] will not be prejudiced in defending [themselves] on the merits." Daniels v. Carter-Jones Lumber Co., No. ELH-17-982, 2017 WL 5495959, at *4 (D. Md. Nov. 16, 2017). Plaintiffs originally filed their complaint on November 22, 2017 (ECF No. 1), but the Police Officer Defendants were not served until after the Third Amended Complaint was filed on September 24, 2019. (ECF No. 56). This clearly falls outside of the 90-day window allowed by Rule 4(m). Therefore, Rule 15(c)(1)(C)(i) is not satisfied.

Even if that portion of the rule was satisfied, the requirements of subsection (ii) of that Rule have not been met. Rule 15(c)(1)(C)(ii) requires that the Police Officer Defendants "knew or should have known that the action would have been brought against [them], but for a mistake concerning [their] identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). First, plaintiffs here did not make a mistake by failing to name the actual defendants. It is well settled that the naming of John Doe defendants does not constitute a "mistake" for relation back purposes. See, e.g., Barnes v. Prince George's Cnty., 214 F.R.D. 379, 382 (D. Md. 2003) ("Given the near unanimity among the circuits

---

[5] A threshold requirement of Rule 15(c)(1)(C) is that the amendment in question also satisfy Rule 15(c)(1)(B): "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. Rule 15(c)(1)(B). This requirement is satisfied in this case as plaintiffs' amendment identifying the Police Officer Defendants relates back to the conduct described in plaintiffs' initial Complaint, the searches that occurred at Plaintiff Gross' residence on October 23, 2015. (ECF Nos. 56, 82).

. . . the court cannot say that the naming of John Doe as a defendant constitutes the requisite mistake for the purposes of relation back."); Williams v. Dix, ELH-17-2381, 2018 WL 6831165, at *8 (D. Md. Dec. 27, 2018) ("[P]laintiffs' failure to name the actual defendants in the original [c]omplaint was not the product of error.").

Second, plaintiffs have not satisfied Rule 15(c)(1)(C)(ii) because there is no indication in this case that the Police Officer Defendants "knew of should have known" that this action would have been brought against them but for a mistake as to their identities. This requirement "focuses on the notice to the new party and the effect on the new party that the amendment will have," and "preserve[s] for the new party the protections of a statute of limitations. Th[is] assure[s] that the new party had adequate notice *within the limitations period* and was not being prejudiced by being added to the litigation." Goodman v. Praxair, Inc., 494 F.3d 458, 470 (4th Cir. 2007) (emphasis in original). This case is distinguishable from cases where the defendant should have known that the action would have been brought against them but for a mistake as to their identity. For example, in Krupski v. Costa Crociere S. p. A., 560 U.S. 538 (2010), the Supreme Court held that the untimely amended complaint did relate back because it was clear from plaintiff's timely filed complaint that plaintiff intended to sue the company that owned, operated, and managed the cruise ship upon which plaintiff was injured, but was mistaken as to its correct name. Id. at 554-55. Additionally, the newly named defendant was represented by the same counsel as the originally named defendant. Id. at 544-45.[6] In this case, plaintiffs' intent to sue the Police Officer

---

[6] The facts of this case are also dissimilar to McDaniel v. Maryland, RDB-10-189, 2010 WL 3260007 (D. Md. Aug. 18, 2010), where this court found that the identification of a John Doe defendant did relate back because the originally named defendants and the later identified John Doe defendant were represented by the same counsel, the John Doe defendant's actions were described both in the original complaint, and the John Doe defendant was depicted in video footage. Id. at *5. None of those facts are present here.

14

Defendants is not clear from its timely filed complaints. The Police Officer Defendants are not named or specifically described in plaintiffs' earlier complaints. The only description of officers was that there were "more than twenty (20) police officers in [plaintiff Gross'] yard, dressed in SWAT-like, tactical gear." (ECF No. 1 ¶ 16). This general description is inadequate to put the Police Officer Defendants on notice that plaintiffs intended to sue them before they were named in the Third Amended Complaint after the statute of limitations expired.

The court notes that plaintiffs' Opposition barely addresses the issue of relation back, and cites to cases which are not instructive in this case. (ECF No. 84 at 13-14). The first case cited by plaintiffs, Wilson v. City of Atlantic City, 142 F.R.D. 603, 606 n.2 (D.N.J. 1992), has no application here because the relation back was permitted under New Jersey law. In Almond v. City of Charleston, No. CV-05-682, 2008 WL 11429624 (S.D.W.V. Jan. 7, 2008), the court held the defendants to be added had notice within the statute of limitations where they were specifically named in an amended statement of a claim within the complaint. In Justus v. Cty. of Buchanan, 498 F. Supp. 2d 883 (W.D. Va. 2007), the later-named defendant accepted service on behalf of one of the timely named defendants and was represented by the same counsel as the timely named defendants. Each of these cases are distinguishable from this case and do not offer any support for plaintiffs' argument.

In the Third Amended Complaint and Fourth Amended Complaint, plaintiffs did not elaborate on the particularized roles of the Police Officer Defendants in the searches, but simply replaced the mention of John Doe Officers with the names of the Police Officer Defendants. They offer no argument whatsoever as to why or how the Police Officer Defendants knew or should have known plaintiffs intended to sue them within the statute of limitations period. The fact that the Police Officer Defendants were allegedly present at the searches does not automatically put

them on notice that plaintiffs would attempt to sue them.  See Williams, 2017 WL 5495959, at *6 ("[I]ndividuals and corporations who are involved in accidents are not always sued").  In conclusion, plaintiffs do not meet the requirements for relation back pursuant to Rule 15(c)(1)(C).  Accordingly, because the amendments in the untimely Third and Fourth Amended Complaints do not relate back under Rule 15(c)(1) to plaintiffs' timely filed complaints, the claims against the Police Officer Defendants are dismissed.

### C. Alternative Arguments for Failure to State a Claim

The Police Officer Defendants alternatively argue that plaintiffs' official capacity claims in addition to plaintiffs' Counts I, III, IV, V, and VII should be dismissed for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  In light of the foregoing rulings, the court need not resolve these alternative arguments.  The court notes, however, that the Police Officer Defendants' claims have merit.  First, regarding plaintiffs' official capacity claims, plaintiffs do not allege in their complaint that the Police Officer Defendants have the final policy-making authority required for parties to be held liable in their official capacities.  Swagler v. Harford Cnty., RDB-08-2289, 2009 WL 10682452, at *8 (D. Md. June 29, 2009); see also City of St. Louis v. Praprotnik, 485 U.S. 112, 122 (1988); Pembaur v. City of Cincinnati, 475 U.S. 469, 482-83 (1986) (plurality opinion).  Second, regarding the Fourth Amendment claims in Counts I, III, IV, V, and VII, plaintiffs' statements that defendant Schaekel included lies in his affidavit are conclusory and plaintiffs offer no explanation or facts to explain why they believe defendant Schaekel's allegations are false other than the assertion that drugs were not sold from plaintiff Gross' residence.  Plaintiffs have not made the requisite particularized showing required by Franks v. Delaware, 438 U.S. 154, 155-56 (1978).  See Abdulrazaaq v. Rosati, No. RDB-09-3197, 2010 WL 2927359, at *4 (D. Md. July 19,

16

2010) ("A plaintiff must make a particularized showing in support of a Fourth Amendment violation for the alleged incorporation of false statements in a search warrant.").

### IV.   CONCLUSION

For the foregoing reasons, the Police Officer Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint (ECF No. 83) is GRANTED.  Plaintiffs' claims against defendants Critzer, Friend, Schaekel, and Simonyan (the "Police Officer Defendants"), as well plaintiff's claims against defendants McLean, Johnson, and "CI1," are dismissed.[7]  A separate order will be issued.

March 15, 2021                                              /s/
                                                            Beth P. Gesner
                                                            Chief United States Magistrate Judge

---

[7] Plaintiffs' remaining claims following this ruling are against defendant Hopkins: Count II – excessive force and Count VI – unlawful search of car.