UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**BETH P. GESNER**
**CHIEF UNITED STATES MAGISTRATE JUDGE**
MDD_BPGchambers@mdd.uscourts.gov

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
(410) 962-4288
(410) 962-3844 FAX

April 21, 2021

Keith Altman, Esq.
Excolo Law, PLLC
26700 Lahser Road, Ste. 401
Southfield, MI 48033

Thurman W. Zollicoffer, Jr., Esq.
Nelson Mullins Riley & Scarborough LLP
100 S. Charles Street, Ste. 1600
Baltimore, MD 21201

Subject: <u>Gross, et al. v. P.O. Hopkins</u>
Civil No.: BPG-17-3479

Dear Counsel:

I have scheduled a **four-day jury trial to begin on Monday, March 7, 2022**. Please promptly advise my chambers if this trial date is not acceptable to your clients. As we discussed, I will let you know as we approach that trial date if there any issues with that date given the court's limited capacity to conduct multiple jury trials simultaneously.

This letter also sets out pretrial filing deadlines, the pretrial conference date, and provides certain instructions concerning your pretrial submissions and trial preparation.

**Schedule**

| | |
|---|---|
| Deadline for Joint Pretrial Order, Motions in Limine, Jury Instructions, Voir Dire, and Special Verdict Form | **Tuesday, February 8, 2022** (consult Local Rules—these are to be <u>JOINT SUBMISSIONS</u> to the extent possible) |
| Deadline for Oppositions to Motions in Limine | **Tuesday, February 15, 2022** |
| Pretrial Conference | **Tuesday, February 22, 2022** at 9:30 a.m. by telephone, unless counsel requests or the court directs that it be conducted in person. |
| Jury Trial (4 days) | **Monday, March 7, 2022** at 10:00 a.m. (Counsel should report to chambers at 9:30 a.m.) |

<u>Gross, et al. v. P.O. Hopkins</u>
Civil No.: BPG-17-3479
April 21, 2021
Page 2

## Voir Dire

I have enclosed my non-case specific voir dire questions which I would expect to use in this case. Counsel should review these questions and confer with one another. After conferring, counsel should provide me with:

1. a jointly proposed, one paragraph statement of the case to be read to the venire panel explaining the nature of the case in general terms; and

2. case-specific voir dire questions requested by counsel, indicating whether opposing counsel objects to the proposed additional questions.

## Jury Instructions and Special Verdict Form

I have enclosed a copy of my general jury instructions which I will use in this case. Please confer and provide me with:

1. Any jointly proposed **case-specific instructions not covered in the materials I have enclosed**, if necessary;

2. a jointly proposed special verdict form (if possible); and

3. where the parties cannot agree on joint submissions, counsel should submit separately their proposed case-specific instructions or special verdict forms, specifically identifying the disputed issues.

Any additional jury instructions you propose should 1) be typed one per page and 2) be numbered and assembled in the order in which you request that they be read to the jury. Parties should rely on pattern instructions whenever possible. My preferred sources are Sand, Siffert, et al., <u>Modern Federal Jury Instructions</u>; O'Malley, et al., <u>Federal Jury Practice and Instructions</u>; or <u>Maryland Pattern Jury Instructions</u> as appropriate. If you change a pattern instruction in any way, please make the changes clear by <u>underlining</u> additions and [bracketing] deletions, and note after the citation that the proposed instruction is "modified." If you propose a non-pattern instruction, please include a citation of the authorities supporting the instruction.

For all proposed jury instructions, special verdict forms, and voir dire questions, in addition to filing them via CM/ECF, please send a hard copy to chambers and e-mail a copy in Microsoft Word format to MDD_BPGChambers@mdd.uscourts.gov.

Gross, et al. v. P.O. Hopkins
Civil No.: BPG-17-3479
April 21, 2021
Page 3

## Guaranteeing Witness Availability

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2.i, as "expecting to present" at trial.

## Disclosure of Opinions of Expert Witnesses

In addition to the information required by Local Rule 106.2.j, the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a) who may testify at trial.  The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(B) separately from those designated pursuant to Rule 26(a)(2)(C).

## Exhibits

Please be prepared to advise me at the pretrial conference if there are any objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2.h.  As noted below, any objections not disclosed in the pretrial order, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown.

All exhibits must be tagged and numbered prior to trial in accordance with Local Rule 106.7.a.  You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7.b.

Copies of the parties' proposed exhibits must be in a three-ring binder.  The parties should attempt to agree on the admissibility of all exhibits and inform the Court of those exhibits about which agreement cannot be reached.  Those exhibits will be discussed at the pretrial conference.  The parties should provide, in addition, impeachment exhibits each intends to offer into evidence at trial.  Impeachment exhibits need not be disclosed to other parties.

## Use of Courtroom Equipment

Please be prepared to advise me at the pretrial conference if you would like to use any courtroom equipment at trial.  The court has available for your use DVD players and monitors, x-ray boxes, and one electronic evidence presenter.  The electronic evidence presenter may be reserved on a first-come, first-served basis in cases that are expected to last longer than one week and involve numerous documents.

<u>Gross, et al. v. P.O. Hopkins</u>
Civil No.: BPG-17-3479
April 21, 2021
Page 4

## Trial Instructions

Please read carefully the attached memorandum entitled "Instructions To Counsel Re: Trial Procedure And Conduct." You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

## Settlement

Unless the court is notified of any settlement no later than **one full business day** prior to the day on which the trial is scheduled to begin, jury costs will be imposed in accordance with Local Rule 107.4. Ordinarily, in civil cases 25-28 potential jurors are called as members of the venire panel, and the cost per juror is approximately $70.

## Objections to Evidence

**All objections to evidence, other than objections based on relevance or prejudice/confusion/waste of time, are waived if not raised by the parties in their pretrial order.**

Fed. R. Civ. P. 26(a)(3) requires the parties to provide pretrial disclosure of the evidence that they intend to present at trial. Under Local Rule 106.4,[1] the parties' timely submission of a pretrial order constitutes compliance with Fed. R. Civ. P. 26(a)(3).

Fed. R. Civ. P. 26(a)(3) also provides that objections, other than objections under F.R.E. 402 (Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible) and F.R.E. 403 (Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time), to pretrial disclosures that are not raised within 14 days of the disclosure are waived unless excused by the court for good cause shown. Therefore, a party's failure to raise objections to evidence listed in the pretrial order submitted under Local Rule 106.4 is deemed to be a waiver of that party's right to object to those items at trial, other than on grounds of relevance or prejudice/confusion/waste of time.

The parties are directed to not file any other motions, objections, or other pleadings without permission from the court.

---

[1] Local Rule 106.4(c) provides that "[s]ubmission of a pretrial order containing the information required by L.R. 106.2 within the time limits prescribed by L.R. 106.3 and L.R. 106.4 shall be deemed to constitute compliance with Fed. R. Civ. P. 26(a)(3)."

<u>Gross, et al. v. P.O. Hopkins</u>
Civil No.: BPG-17-3479
April 21, 2021
Page 5

     Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

                Very truly yours,

                /s/
                Beth P. Gesner
                Chief United States Magistrate Judge