IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHELLE GROSS, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No.: BPG-17-3479 |
| P.O. FRANCISCO HOPKINS | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4. (ECF Nos. 36, 37, 42). Currently pending are defendant's Motion for Summary Judgment ("Motion") (ECF No. 116), plaintiffs' Response in Opposition to Defendant Hopkins' Motion for Summary Judgment ("plaintiffs' Opposition") (ECF No. 117), and defendant's Reply to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment ("defendant's Reply") (ECF No. 118). No hearing is deemed necessary. Loc. R. 105.6. For the reasons discussed herein, defendant's Motion for Summary Judgment (ECF No. 116) is GRANTED.

**I.     BACKGROUND**

In ruling on a motion for summary judgment, this court considers the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). The following facts are alleged by plaintiffs in their Fourth Amended Complaint. (ECF No. 82). On October 23, 2015, plaintiffs Michelle Gross, Ivan Cowans, and Daquan Wellington were at plaintiff Gross' residence when there was banging on the door and plaintiff

Gross answered, observing that approximately twenty police officers were in her yard. (Id. ¶¶ 20-23). The police officers entered plaintiff Gross' residence and searched it, as well as plaintiffs themselves. (Id. ¶¶ 24-25, 35, 40). After entering plaintiff Gross' residence, police officers pointed their guns at the heads of plaintiffs Cowans and Wellington when ordering them into a room, although none of the plaintiffs were armed, threatened or posed a threat to the officers, or attempted to flee. (Id. ¶¶ 26, 50-53). Plaintiff Gross' children, plaintiffs Deointe and Devonte Daniel, arrived home during this incident and were also searched. (Id. ¶¶ 31-32). The police officers also searched plaintiff Gross' car even though she did not give them permission to do so. (Id. ¶¶ 36-39).

For the sake of brevity, the court incorporates the procedural history of this case as discussed in the court's opinion dated March 15, 2021, in which the court granted the Motion to Dismiss Plaintiffs' Fourth Amended Complaint filed by former defendants Detective Benjamin Critzer, Sergeant Frank Friend, Officer Gary Schaekel, and Officer Havvhannes Simonyan, all of whom have been dismissed from this case. (ECF No. 88 at 2-4). Following the court's March 15 opinion, plaintiffs' remaining claims, brought under 42 U.S.C. § 1983, include Count II ("Fourth Amendment – Excessive Force") and Count VI ("Fourth Amendment – Unlawful Search of Car").[1] (Id. at 17 n.7). Discovery closed on July 14, 2021, and thereafter, the pending Motion and related pleadings were filed.

---

[1] Up to and including the Third Amended Complaint, plaintiffs' claims were based upon the premise that the police officers did not have a valid search warrant and produced only an unsigned search warrant at plaintiff Gross' residence on October 23, 2015. (ECF No. 1 ¶ 19; ECF No. 40 ¶ 25; ECF No. 56 ¶ 30). On April 13, 2020, plaintiffs filed a Fourth Amended Complaint. (ECF No. 82) ("Complaint"). Given that plaintiffs received a copy of the signed search warrant in question during discovery, plaintiffs' allegations changed from asserting claims regarding the lack of a signed warrant to asserting claims regarding the insufficiency of the signed warrant and related affidavit. (Id. ¶ 56).

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is properly considered "material" only if it might affect the outcome of the case under the governing law. Id. The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); Pulliam Inv. Co., Inc. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). On those issues for which the non-moving party will have the burden of proof, however, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 56(c); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993). If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

When reviewing a motion for summary judgment, the court does not evaluate whether the evidence favors the moving or non-moving party, but considers whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. Anderson, 477 U.S. at 252. In undertaking this inquiry, the court views all facts and makes all reasonable inferences in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue. Celotex, 477 U.S. at 324. A "scintilla" of evidence in favor of the non-moving party, however, is insufficient

to prevent an award of summary judgment.  Anderson, 477 U.S. at 252.  Further, "mere speculation" by the non-moving party or the "building of one inference upon another" cannot create a genuine issue of material fact.  Cox v. Cnty. of Prince William, 249 F.3d 295, 299-300 (4th Cir. 2001).  Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the non-moving party.  Anderson, 477 U.S. at 252.

### III. DISCUSSION

Defendant moves for summary judgment, asserting that plaintiffs have failed to provide sufficient evidence of any specific wrongdoing by defendant.  (ECF No. 116 at 2).  Plaintiffs, however, contend that defendant is liable based on both his own conduct in causing plaintiffs' alleged injuries and as a bystander for taking no action to deter the alleged illegal conduct of the other officers.  (ECF No. 117 at 9-15).  In response, defendant argues that "Plaintiffs still have not adduced (and cannot adduce) any evidence of tortious conduct by [defendant] *specifically*."  (ECF No. 118 at 1).  In addition, with respect to plaintiffs' bystander claim, defendant argues that plaintiffs (1) did not plead a theory of bystander liability under 42 U.S.C. § 1983 in their Complaint and (2) even if plaintiffs successfully pleaded a bystander theory in their Complaint, they provide no evidence to support it.  (ECF No. 118 at 2-3).

"[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."  Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Roberts v. Prince George's Cnty., Md., 157 F. Supp. 2d. 607, 609 (D. Md. 2001) ("[A] plaintiff must show that the official charged personally caused the deprivation of his federal rights.").  "[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."  Kentucky, 473 U.S. at 166.  Further, an officer may be liable as a bystander under Section 1983 if he: "(1) knows that a fellow officer is

violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall v. Prince George's Cnty., Md., 302 F.3d 188, 204 (4th Cir. 2002). The Fourth Circuit has emphasized the importance of the knowledge requirement, "namely, that a bystanding officer must know of his fellow officer's misconduct . . . If the bystander lacks such *specific knowledge*, he cannot be a participant in the unlawful acts, and the imposition of personal liability is impermissible." Swagler v. Sheridan, Civil No. RDB-08-2289, 2011 WL 2635937, at *4 (D. Md. July 5, 2011) (quoting Randall, 302 F.3d at 204 n.24).

The only evidence offered by the parties in their motions papers includes a police report indicating that defendant was present at the scene on the day of the raid (ECF No. 117-1 at 3-5), one set of interrogatories and request for production of documents (id. at 6-21), and five affidavits including one from each of the five plaintiffs (id. at 22-46). The parties did not conduct any other discovery. (ECF No. 117 at 13). Plaintiffs argue that there is sufficient evidence to generate a factual dispute as to defendant's liability based on (1) the police report indicating that defendant, the only sergeant among the officers present at the raid, was the superior officer on the scene; (2) a single interrogatory in which defendant failed to recall anything of substance about the incident in question other than his presence at the scene; and (3) the five affidavits. (Id. at 9-15). Specifically, plaintiffs contend that the affidavits, in conjunction with the police report and the single interrogatory, "create questions of material fact for which a jury could find in favor of Plaintiffs," including whether the officers had a signed warrant at the time of the raid, used excessive force, exceeded the scope of the search, and failed to take any steps to stop the alleged illegal conduct. (Id. at 14-15).

The evidence relied upon by plaintiffs, however, is not sufficient to generate a factual dispute as to defendant's liability under 42 U.S.C. § 1983 based on either defendant's own conduct

during the raid or as a bystander.[2]  While the police report and interrogatory establish that defendant was present at the scene of the raid on the day in question (ECF No. 117-1 at 5, 12), they do not otherwise describe defendant's conduct in particular or how defendant specifically caused plaintiffs' alleged injuries.  The police report and interrogatory relied upon by plaintiffs also fail to support plaintiffs' bystander liability claim.  Specifically, the police report and interrogatory provide no evidence that defendant knew about a fellow officer's alleged violation of plaintiffs' constitutional rights or had a reasonable opportunity to prevent harm.  Indeed, defendant expressly noted in Interrogatory No. 6 that he does not recall what his role was during the raid, the search warrant at issue, or having any role in obtaining the search warrant.  (Id. at 12).

In addition, as defendant notes, the affidavits provided by plaintiffs describe conduct by "the officers" in general and fail to address defendant's conduct specifically.  (See id. at 22-46). Plaintiffs argue that their Complaint "sufficiently alleges Defendant's involvement and actions." (ECF No. 117 at 7).  In support of their claim, plaintiffs make a number of references to language in their Complaint that expressly named defendant.  (Id. at 7-8).  However, "[a]llegations contained in a complaint are not evidence, and cannot defeat a motion for summary judgment."  Cambridge Capital Grp. v. Pill, 20 F. App'x 121, 124-25 (4th Cir. 2001) (citing Celotex Corp. v. Catrett, 477

---

[2] With respect to defendant's argument that plaintiffs did not plead a theory of bystander liability under 42 U.S.C. § 1983 in their Complaint, the court notes that the portion of the case relied upon by defendant to support his argument—Stevenson v. City of Seat Pleasant, Md., No. RWT 09cv1791, 2011 WL 1899238, at *2 (D. Md. May 19, 2011)—was reversed by the Fourth Circuit. See Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 420 (4th Cir. 2014) (holding that plaintiffs sufficiently pleaded bystander liability when they alleged that they were subjected to an unreasonable seizure and that none of the officers did anything to stop it, even though plaintiffs did not expressly assert the elements of bystander liability in their complaint).  Similarly, plaintiffs in this case alleged that the officers employed unreasonable and excessive force and committed unlawful searches while none of the officers intervened to stop it.  (ECF No. 82 ¶¶ 73-74, 99).  The court, therefore, rejects defendant's argument that plaintiffs have not sufficiently pleaded bystander liability in their Complaint.

U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . . .")). The closest any of plaintiffs' affidavits come to specifically identifying defendant is plaintiff Gross' affidavit, which identifies some officers by their race, ethnicity, physique, police uniform, and hair style.  (ECF No. 117-1 at 24-26).  Plaintiffs, however, do not provide any evidence to suggest that defendant Hopkins was one of the officers described by plaintiff Gross.

Further, plaintiffs' affidavits provide no evidence to support a theory of bystander liability, including whether defendant Hopkins knew of a fellow officer's violation of plaintiffs' constitutional rights, had a reasonable opportunity to prevent the harm, and chose not to act.  For example, with respect to plaintiffs' claim that defendant is liable as a bystander based on the officers' alleged use of excessive force, plaintiff Gross' affidavit asserts that "[t]he officers" went upstairs after entering the home and walked plaintiffs Wellington and Cowans "down the stairs with their guns pointed at the back of their heads."  (Id. at 24).  Plaintiff Gross further asserted that "[w]hile this was happening, the officers who were downstairs had their guns pointed at [plaintiff Gross]."  (Id.)  Plaintiff Gross' affidavit, however, provides no evidence to suggest whether defendant Hopkins was one of the officers who was upstairs with plaintiffs Wellington and Cowans, downstairs with plaintiff Gross, or at another location in the home.  Moreover, wherever defendant was at the time, plaintiffs do not provide any evidence indicating whether defendant had knowledge of a violation of plaintiffs' constitutional rights let alone a reasonable opportunity to prevent the harm and intervene.

Affidavits by plaintiffs Devonte Daniel, Deointe Daniel, Daquan Wellington, and Ivan Cowans similarly fail to provide any evidence to support a bystander theory of liability against defendant based on the officers' alleged use of excessive force.  For example, plaintiffs Devonte

and Deointe Daniel allege in their affidavits that they saw "officers" in the house and that the officers searched them. (Id. at 31, 35). Plaintiffs Devonte and Deointe Daniel, however, do not identify the officers involved or make any allegation, let alone provide any evidence, regarding whether defendant Hopkins was one of the officers who pointed a gun at plaintiffs or whether he had any knowledge of a violation of plaintiffs' constitutional rights. (Id. at 30-31, 34-36). While plaintiffs Wellington and Cowans claim in their affidavits that "officers" pointed guns at them and that none of the officers did anything to stop it, they also fail to provide any evidence of defendant's knowledge of a violation of plaintiffs' rights. (Id. at 40, 45).

With respect to plaintiffs' claim that defendant is liable as a bystander based on the officers' illegal search of plaintiff Gross' vehicle, plaintiff Gross' affidavit claims that a "white officer with [a] closely-cut haircut" took her keys and let a police dog loose in her car. (Id. at 25). Plaintiff Gross' affidavit, however, does not provide any evidence to suggest that defendant Hopkins was the officer described by plaintiff Gross or that defendant was involved in the search of the vehicle or had any knowledge that the search violated plaintiffs' constitutional rights. Similarly, plaintiffs Devonte and Deointe Daniel assert in their affidavits that "officers" and a police dog searched plaintiff Gross' vehicle and that none of the other officers stopped the search. (Id. at 31, 35). Plaintiff Wellington also claims in his affidavit that "[t]he officers" illegally searched plaintiff Gross' vehicle. (Id. at 40). Plaintiffs Devonte Daniel, Deointe Daniel, and Wellington, however, provide no evidence in their affidavits indicating whether defendant Hopkins participated in the search of plaintiff Gross' vehicle or had knowledge that the search violated plaintiffs' constitutional rights.[3]

---

[3] Plaintiff Cowans makes no allegation and provides no evidence in his affidavit regarding the alleged illegal search of plaintiff Gross' vehicle. (See ECF No. 117-1 at 44-46).

While plaintiffs allege in their pleading that defendant Hopkins "*witnessed firsthand* the unreasonable and unnecessary use of excessive force, as well as the unlawful search of the vehicle when the officers did not have a search warrant for the search of such vehicle" (ECF No. 117 at 11-12), plaintiffs simply provide no evidence to support their claims other than defendant's admission that he was present at the scene and that defendant is a sergeant.  (See id. at 9-10).  In ruling on defendant's Motion, the court has an "affirmative obligation to prevent factually unsupported claims and defenses from going to trial."  Swagler, 2011 WL 2635937, at *4 (citing Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993)).  The court, therefore, concludes that there is no evidence in the record from which a reasonable jury could determine that defendant Hopkins is liable under 42 U.S.C. § 1983 based on either defendant's own conduct during the raid or as a bystander.  Accordingly, defendant's Motion is granted.

### IV. CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment (ECF No. 116) is GRANTED.  A separate order will be issued.

January 19, 2022                                                /s/
                                                          Beth P. Gesner
                                                          Chief United States Magistrate Judge